UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER THAAR,

      Plaintiff,

          v.

NATIONWIDE COLLECTION
AGENCIES, INC. d/b/a
MONEY RECOVERY NATIONWIDE,

      Defendant.

_____/

Case No. 17-cv-12559

District Judge Victoria A. Roberts

Magistrate Judge Mona K. Majzoub

## REPORT AND RECOMMENDATION

Plaintiff Christopher Thaar brings this consumer protection action against Defendant Nationwide Collection Agencies, Inc. d/b/a Money Recovery Nationwide ("MRN"), alleging violations of the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 ("FDCPA"), the Michigan Collection Practices Act at M.C.L. §§ 445.251–258 ("MCPA") and the Michigan Occupational Code at M.C.L. §§ 339.901–920 ("MOC"). (Docket no. 1.) Before the Court is Plaintiff's motion for partial summary judgment. (Docket no. 20.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.    RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's motion for summary judgment (docket no. 20) be **DENIED**.

## II.    REPORT

### A.    Background

Defendant contracted to collect two debts owed by Plaintiff.  (Docket no. 30-2, pp. 2–3.)  On March 18, 2012, "St. John Emergency Physician" tasked Defendant with collecting from Plaintiff a debt of $105.75 (the "St. John Macomb" account).  (*Id.* at 3.)  On May 13, 2013, "Emergency Department Physicians" sought collection of a debt in the amount of $197.00 (the "Emergency Department Physicians" account).  (*Id.*)  Although the two obligations had similar names in Defendant's records, Defendant maintained them under distinct account numbers.  (*Id.*)  On April 25, 2017, Plaintiff wrote a letter to Defendant stating that he disputed the "St. John Macomb Hospital Emergency Department Physicians . . . account that [Defendant was] reporting on [Plaintiff's] credit files."  (Docket no. 20-2.)  Plaintiff did not list any account number(s) and did not include the amount of the disputed debt(s).

Defendant received Plaintiff's correspondence on May 1, 2017.  Defendant interpreted the letter as disputing only the St. John Macomb account.  (Docket no. 30-2, p. 4.)  Accordingly, Defendant sent requests to credit-reporting agencies to delete the St. John Macomb account from Plaintiff's credit reports.  (*Id.*)  On May 1, 2017, Defendant sent correspondence to Plaintiff to confirm that it had "authorized the credit reporting agencies to remove [account no. 4602573, i.e., the St. John Macomb account] from [Plaintiff's] credit report."  (Docket no. 30-5.)

In July of 2017, Plaintiff obtained copies of his credit reports from three major credit reporting agencies.  (Docket no. 20, p. 8.)  These reports did not reflect that Plaintiff disputed the Emergency Department Physicians account.  (*Id.*)

Plaintiff filed this consumer protection action on August 8, 2017.  (Docket no. 1.)  He alleges that Defendant violated the FDCPA, the MCPA and the MOC by failing to report that

Plaintiff disputed the Emergency Department Physicians account.  (*Id.* at 2–3.)  Plaintiff moves

for partial summary judgment with respect to Count I of his complaint, alleging that Defendants

violated 15 U.S.C. § 1692e(8), which provides that a debt collector violates the FDCPA when it

"[c]ommunicat[es] or threaten[s] to communicate to any person credit information which is known

or which should be known to be false, including the failure to communicate that a disputed debt is

disputed."  (Docket no. 20.)  Defendant opposes Plaintiff's motion for summary judgment.

(Docket no. 30.)

### B.      Standard of Review

Summary judgment is appropriate where the moving party shows that there is "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the

non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).

Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the
> assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a
> genuine dispute, or that an adverse party cannot produce admissible evidence to
> support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider

other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come

forward with significant probative evidence showing that a genuine issue exists for trial.

*Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly

supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Analysis

#### 1. Standing

Defendant contends that the Court cannot grant Plaintiff's motion for partial summary judgment because Plaintiff lacks Article III standing to assert his FDCPA Claim. (Docket no. 30, pp. 11–13.)

To establish standing, a plaintiff must show: (1) an "injury in fact," that is, "an invasion of a legally protected interest which is . . . concrete and particularized, and . . . actual or imminent"; (2) a causal connection between the injury and the challenged conduct, meaning that the injury is "fairly traceable" to the challenged conduct; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Defendant contends that Plaintiff fails to allege a concrete and particularized injury. Applicable caselaw suggests otherwise.

In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), the Supreme Court defined the phrase "concrete and particularized injury" in the context of alleged violations of the Fair Credit Reporting Act of 1970. In particular, the *Spokeo* Court emphasized that "'[c]oncrete' is not ... necessarily synonymous with 'tangible.'" *Spokeo*, 136 S. Ct. at 1549. The

Court concluded that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," such as where the statutory violation creates "risk of real harm."  *Id*.  "In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified."  *Id*.

The logic of *Spokeo* applies equally to Plaintiff's claim that Defendant violated § 1692e(8) of the FDCPA.  *See Evans v. Portfolio Recovery Assocs.*, LLC, 889 F.3d 337, 347 (7th Cir. 2018) (applying *Spokeo* and concluding that the plaintiff's "alleged violation of § 1692e(8) is sufficient to show an injury-in-fact").  Accordingly, the Court should find that Plaintiff has standing to bring his FDCPA claim.

### 2.    *FDCPA Claim*

Plaintiff moves for summary judgment on his claim that Defendant violated § 1692e(8) of the FDCPA.  (Docket no. 20, pp. 9–10.)  Plaintiff contends that Defendant violated that statute by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  (*Id*.)

Plaintiff asserts that Defendant failed to communicate to the credit reporting agencies that Plaintiff disputed the Emergency Department Physicians account.  (*Id.* at 10.)  However, for the reasons discussed below, Plaintiff fails to demonstrate that Defendant knew or should have known that he disputed that account.

Plaintiff alleges that he disputed the Emergency Department Physicians account in a letter to Defendant dated April 25, 2017.  (*Id.*)  The body of that letter is excerpted below:

Original Creditor: St. John Macomb Hospital Emergency Department Physicians

Dear Sir/Madam:

I dispute the above account that you are reporting on my credit files.

Thank you.

(Docket no. 20-2.)

As Defendant notes, the April 25, 2017 letter includes no account number(s) and appears to conflate the St. John Macomb account with the Emergency Department Physicians account. Defendant's employee Jennifer Isabell testifies that, "Based on the information Plaintiff provided to MRN in the dispute letter, MRN understood Plaintiff's letter to mean that he was disputing the St. John Macomb account." (Docket no. 30-2, p. 4.) Accordingly, Defendant requested that the credit reporting agencies remove the St. John Macomb account from Plaintiff's credit report but did not make a similar request regarding the Emergency Department Physicians account. (*Id.*)

Under these circumstances, the Court should find that a genuine dispute of material fact exists regarding whether Defendant knew or should have known that Plaintiff disputed the Emergency Department Physicians account. For this reason, the Court should deny Plaintiff's motion for partial summary judgment.

### *3.     Defendant's Cross-Motion for Summary Judgment*

Defendant purports to have filed a cross-motion for summary judgment. (Docket no. 30.) However, Defendant filed this cross-motion on January 1, 2019, more than three months beyond the September 24, 2018 dispositive motion deadline. (*See* docket no. 19.) Accordingly, the Court should not address Defendant's untimely cross-motion for summary judgment.

### D.     Conclusion

For the above-stated reasons, it is recommended that Plaintiff's motion for summary judgment (docket no. 20) be **DENIED**.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  March 4, 2019             s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: March 4, 2019          <u>s/ Leanne Hosking</u>
                              Case Manager